IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM G. COOK #165-816 | * | |
| Plaintiff | | |
| vs. | * | Civil Action No. PJM-13-1495 |
| DAVID R. BLUMBERG | * | |
| PAROLE AGENT NWACHUKWA | | |
| PAROLE AGENT SABASTINE | * | |
| NWAGBARA | | |
| Defendants. | * | |

*****

## MEMORANDUM OPINION

Plaintiff William G. Cook ("Cook"), who remains detained at the Maryland Reception, Detention & Classification Center ("MRDCC"), has for the fifth time in three months sought money damages and injunctive relief against the Maryland Parole Commission's ("Commission") Chairman and parole agents, asking that Defendants stop testing him for drug use.[1] ECF No. 1; *see also Cook v. Blumberg, et al.,* Civil Action Nos. PJM-13-763 (D. Md.); PJM-13-764 (D. Md.); PJM-13-1250 (D. Md.) and PJM-13-1220 (D. Md.) A chronology of events described by Cook in this and his previous lawsuits follows.

In February of 2012, Parole Agent Nwachukwa ordered Cook to undergo drug testing by urinalysis. Cook submitted to the demand at that time, then contacted Department of Public Safety and Correctional Services ("DPSCS") personnel in writing on March 13, 2012, to complain that Maryland law did not require mandatory drug testing as a condition of release because the conviction from which he was paroled occurred prior to May 1, 1991. On March 16, 2012, DPSCS Community Supervision Support Director Ernest Eley, Jr. agreed with Cook's interpretation of the law, but indicated that Nwachukwa could request that drug testing be added

---

[1] Cook's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) shall be granted.

as a special condition of Cook's release, based on Nwachukwa's statement that Cook told her that he had used an illegal substance. Eley also informed Cook that his supervision would be transferred to another agent in a community supervision office closer to Cook's residence. On March 22, 2012, Defendant David R. Blumberg, Chairman of the Commission, reiterated Eley's statement that unless the condition to undergo drug testing was added by the Commission, the condition could not be imposed.

Nwachukwa's request that the Commission add drug testing as a special condition of Cook's parole was approved. Cook learned of the special condition from his new agent when he reported to the Towson office. S*ee Cook v. Blumberg, et al.,* Civil Action Nos. PJM-13-1250 (D. Md.), ECF No. 4 at 4-5.

On January 16, 2013, Cook was arrested in Baltimore City for drug possession in Criminal Case No. 1B02207339. He was released on $7,500 bail on January 18, 2013. Defendant Blumberg issued parole retake warrant charging Cook with violating Rule 4 (obey all laws), Rule 6 (do not possess, use or sell or have under your control any narcotic drug, controlled dangerous substance or related paraphernalia) and Rule 8 (conduct yourself as not to present a danger to yourself or others). Cook was arrested on the parole retake warrant on February 12, 2013, when he reported to his parole officer at the Towson office. The retake warrant was premised on the new arrest, and not due to urinalysis testing. *Id*. In this new Complaint Plaintiff asserts that on May 10, 2013, his parole revocation hearing was conducted and added charges of positive urinalysis (cocaine) from 2012 were included in the revocation warrant.

Implied in his pleadings is Cook's contention that Nwachukwa lied about his claim of drug use in order to obtain this special condition of parole, and that he was denied due process when (1) the special condition of parole was imposed on him without affording him an

opportunity to be heard and (2) the new positive urinalysis charges were added to his parole revocation warrant without notifying him.

Even if these allegations were true, Cook suffered no actual injury as a result of Nwachukwa's and Blumberg's actions. He previously admitted that the retake warrant was premised on his new arrest. Absent actual injury, his claim is not actionable. Further, he is no longer on parole and no longer subjected to urinalysis testing mandated by his parole status. Lastly, parole officials and officers are entitled to absolute immunity from suits challenging conduct involving the preparation of parole revocation reports. *See Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1985); *Evans v. Dillahunty*, 711 F.2d 828, 831 (8th Cir. 1983). For the aforementioned reasons, the Complaint shall be summarily dismissed by separate Order.

May 30, 2013

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE